# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:13-cv-00084-FDW
# (5:03-cr-00004-FDW-20)

| | |
|---|---|
| PHILLIP TYRONE MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Relief under 28 U.S.C. § 2241. [Doc. 1]. Also before the Court is Petitioner's Memorandum of Additional Authority [Doc. 3]; Petitioner's Supplemental Memorandum in Support of Relief under 28 U.S.C. §§ 2255(e) and 2241 [Doc. 17]; and the Government's Response in Support of Habeas Petition [Doc. 28]. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

## I. FACTUAL BACKGROUND

In July 2004, a jury found Petitioner Phillip Tyrone Morrison ("Petitioner") guilty of conspiring to possess with intent to distribute powder and crack cocaine, 21 U.S.C. §§ 841, 846; possession with intent to distribute cocaine, 21 U.S.C. § 841; and possession of a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). [Criminal Case No. 5:03-cr-4-FDW-20, Docs. 340, 365]. Morrison participated in an extensive drug-trafficking conspiracy, traveling to New York to buy cocaine, regularly cooking powder cocaine into crack cocaine for distribution; and using a firearm during the course of his drug-distribution activities. [CR Doc. 745 ¶¶ 14, 27, 31-32, 47]. The United States notified the Petitioner and the Court in accordance with 21 U.S.C.

§ 851 that it intended to seek an enhanced penalty based on Petitioner's prior convictions for "felony drug offenses" -- possession with the intent to sell and deliver cocaine and delivery of cocaine. [CR Doc. 346].

Prior to sentencing, the probation officer completed a Presentence Report, in which the probation officer calculated a preliminary Sentencing Guideline range of imprisonment of between 360 months and life in prison for Morrison's drug-trafficking offenses. This range was based on a total offense level of 38 and a criminal-history category of VI. [CR Doc. 745, ¶ 114]. The probation officer also noted that Petitioner was subject to a statutory mandatory-minimum sentence of life in prison for the conspiracy offense because he had previously been convicted of two felony drug offenses. [Id. at ¶ 113]. In accordance with 21 U.S.C. § 841(b)(1)(A), based on Petitioner's prior convictions of felony drug offenses, the Court sentenced Petitioner to life in prison for the drug-trafficking offenses, and a consecutive term of 60 months in prison for the § 924(c) offense. [CR Doc. 477 at 2]. Petitioner appealed and the Fourth Circuit affirmed this Court's judgment. United States v. Martinez, 190 F.App'x 321 (4th Cir. 2006). In August 2007, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the Court denied. [Civil Case No. 5:07-cv-90, Docs. 1, 29]. In November 2014, Petitioner filed a second § 2255 motion to vacate, seeking relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which the Court denied as an unauthorized second or successive petition. [Civil Case No. 5:12-cv-102, Docs. 1, 3].

Then, in June 2013, Petitioner filed the petition currently before the Court under 28 U.S.C. § 2241, seeking relief from his life sentence. This case was held in abeyance awaiting the decision of the United States Supreme Court in United States v. Surratt, No. 14-6851, and then in United States v. Wheeler, No. 16-6073. [Doc. 23]. On June 3, 2019, after Wheeler was decided and the

stay lifted, and an extension of time to respond granted, the Government responded to the petition, agreeing with Petitioner that his sentence should be vacated and that Petitioner should be resentenced. [Doc. 28].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). By contrast, Section 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where Section 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241. In re Jones, 226 F.3d at 333. While the savings clause can be invoked to permit Section 2241 relief where Section 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping

provisions of Section 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Here, the parties and the Court agree that Petitioner properly seeks relief under Section 2241.

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense." Section 802(44) defines that term as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005). In Jones and Harp, the Fourth Circuit had held that offense is punishable by more than one year in prison if *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. In Simmons, the Fourth Circuit held that, for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that defendant* could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243.

Here, the Court enhanced Petitioner's sentence based on a 1995 conviction for possession with intent to sell and deliver cocaine and delivery of cocaine and a 1994 conviction of aiding and abetting the delivery of cocaine. Petitioner's 1995 offenses were Class H felony offenses. Civil Case No. 5:13-cv-84, Doc. 1-1. Based on Petitioner's prior record level of III, the highest sentence Petitioner could have received under the North Carolina Structure Sentencing Act, N.C. Gen. Stat. § 15A-1340.17(c) and (d), was 12 months in prison. Petitioner could not have received a sentence of more than one year. As such, although Jones and Harp were good law at the time of this Court

4

sentenced Petitioner, Simmons decided that Petitioner's prior conviction was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1) because it was not punishable by more than one year in prison.

The Government also concedes that Petitioner is entitled to relief from his sentence under § 2241 because of the erroneous application of a mandatory minimum. In United States v. Wheeler, the Fourth Circuit held that a defendant (1) whose sentence was affected by application of a mandatory-minimum term of imprisonment that Simmons later held should not have applied and (2) whose motion to vacate would be a second or successive motion to vacate may obtain sentencing relief under § 2241. 886 F.3d 415, 429, 433-34 (4th Cir. 2018). Petitioner was subject to a statutory mandatory minimum of life in prison based on prior convictions of offenses that no longer constitute "felony drug offenses" and cannot support an enhancement under 21 U.S.C. § 841(b)(1)(A). Without the prior "felony drug offense" conviction, Petitioner would have been subject to a statutory mandatory-minimum term of 20 years in prison for his drug-trafficking offenses. As such, Petitioner is entitled to sentencing relief under Wheeler.

Because Petitioner is entitled to relief under Section 2241, the Court will grant the Section 2241 petition and vacate Petitioner's conviction under 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 924(c). The Court will also, therefore, schedule a resentencing hearing so that Petitioner can be sentenced in accordance with the terms of this Order.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Section 2241 petition.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's petition under 28 U.S.C. § 2241 [Doc. 1] is **GRANTED** and Petitioner's conviction is hereby **VACATED**;

5

(2) The Clerk of Court is respectfully instructed to schedule a hearing for Petitioner's resentencing to be set within 90 days of this Order.

(3) The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: June 11, 2019

Frank D. Whitney
Chief United States District Judge